And move to our third case this morning, United States v. Lester Crowder. Good morning, Your Honors. May it please the Court, Aaron Sostock for the appellant Lester Crowder. There's a single overarching legal question pertaining to all three of the issues that Mr. Crowder raised on appeal. The meaning that should be given to the phrase not authorized by law to accept in the subsection D of the bribery statute. So on appeal, Mr. Crowder raised that the government failed to prove him guilty beyond a reasonable doubt, that the underlying bribery statute that he was charged with pursuant to the Travel Act was unconstitutional, and that the Court erred in failing to give a complete jury instruction regarding that not authorized by law to accept provision in the bribery statute. I'm going to focus mostly on the unreasonable doubt issue. However, I'm prepared to answer questions about all three issues, and they are very interrelated because they all rely on that same statutory interpretation issue. So first, there must be some separate underlying reason why Mr. Crowder's receipt of the funds from the FBI informant, Mr. Desutter, was not authorized by law. That language is present in the statute, and the government's interpretation of that language and the district... will below agree not to give that part of the instruction? So to me, that was unclear from the record. There was a very lengthy discussion about the jury instructions regarding the Illinois bribery statute, and the Court recognized explicitly that Defense Counsel had objected to the instructions proposed by the government. However, it wasn't clear whether they objected in the exact way that was raised here on appeal. That exact argument, I do not believe is in the record, and I believe that it was forfeited and not waived. So, I mean, it could be raised now, but we did not waive it based on... I believe even the most generous reading to the government shows that Defense Counsel did have objections to these jury instructions. It just was not articulated in the same way it was on appeal. If we're in forfeiture land, of course we're reviewing for plain error.  So let's fast forward and say if there was error, you know, and even if you make an argument that it was plain, you'd have to address first that third prong of plain error review about whether the outcome affected Mr. Crowder. I assume you're about to tell us why you would have been able to show, why Mr. Crowder would have been able to show that he was authorized to receive these payments? No, I actually disagree. That's actually putting the burden on the defendant to provide a defense at trial and to prove a negative element of the offense. And it was actually the government's burden to prove all the elements of the offense. So Mr. Crowder's position is that if that element should have been given at trial and it was an error, that that obviously did affect his substantial rights for the jury to be instructed as to all the elements that the government had to prove beyond a reasonable doubt. And that is a big problem because the essence of our judicial system is the government's burden to prove all the elements of the offense beyond a reasonable doubt. And if the government did not, you know, if the jury didn't even have an opportunity to consider this element, that seems like a very, very big error for Mr. Crowder at trial. And there's no evidence in the record because the government did not believe that it had to prove that, whether or not, you know, they could prove it. I don't want to speculate whether or not they would be able to prove that or not because that's their responsibility, not Mr. Crowder's. So that also does tie into the, obviously very closely to the reasonable doubt argument, where basically the government believes that Mr. Crowder's receipt of this money from DeZutter, knowing that DeZutter wanted this payment to be a bribe, that in itself was enough to constitute this offense. However, that lends that not authorized by law portion of the statute to be completely superfluous and gives no meaning to that phrase whatsoever. And we can see that the legislation intended for it to have meaning because section E does not include that language, not authorized by law to accept. And therefore, it must be there for some purpose. And we do, in fact, have case law in Illinois that agrees that the statute requires two elements to be proven, which is first, the receipt of the property must not be legally authorized by law and the defendant also must know that the property was tendered with that effect to influence somebody. That element is treated as a legal question under Illinois law and also as it incorporated into the federal statute that was charged here, and everybody agreed on that at the instructions conference, including defense counsel, that the instructions as prepared were acceptable on that score because that not authorized by law language in the Illinois statute was a legal question, that particular element. So there was no factual dispute that the jury needed to resolve on that. And it just wasn't. Because he was a private person. He had no legal authority to accept this money. That was undisputed. I actually disagree with whether or not... He was posing as a public official, but he really wasn't. Whether or not it was disputed because there was a lot of discussion at trial by both sides about whether it was sufficient for Mr. Crowder's commission of the offense to merely just accept that money. Defense counsel's argument in closing was that that was not sufficient. Defense counsel's argument in the Rule 29 motion was that that was not sufficient and there had to be something else legally for this to constitute him facilitating or promoting bribery. I thought he signed off... Defense counsel signed off on the instructions. The instructions, I believe my reading of that, it is very unclear because defense counsel objected to the instructions on the bribery offense. But I agree with you...  It was a different basis. That's not sufficient to preserve this argument. It was a different basis. Once counsel advances one argument, that's a waiver of any other argument. I would say that it was unclear to my personal reading of that because what the circuit court said, defense counsel has objected to these, and it was unclear to me with the amount of back and forth that was gone through on those jury instructions. If you read through it, it's several pages of discussion in the record, and to me it was unclear whether or not the fact that this was not legally authorized by law was something that the government had to prove. Defense counsel was very concerned about whether the government could argue that in closing or not. It's kind of like a summary judgment issue where the facts are clear. It's just a question of whether the law applies. So I don't think it needs to be submitted to the jury as a factual issue. I don't see what's unclear about that statement. And I think this makes sense based on the Illinois pattern instructions that mention this as a question of law. I don't know how that is subject to misinterpretation on appeal. He's waiving an argument on this issue. So I would disagree because Illinois case law actually says that that's an element of the offense. If the facts are disputed. If the facts are disputed, yes. And I think that jury instruction should have included... But counsel said at the jury instruction hearing, and I'm reading from the transcript, based on the discussions the government and I have had over quite a bit of time on this, it is our collective opinion that there is not an issue of fact as to this. Well, as to what, though? I'm not sure. As to this four lines up, he says, in regards to whether or not we should include not authorized by law.  I'll concede that. I was very confused reading the jury instruction conference myself. I will say that I was unclear myself what counsel's objections were. And I was not trying to mislead the court in any way. And given that it is a legal issue, right, then the court should have considered it in the Rule 29 motion as a legal issue. And whether or not the government had to prove that and show whether Mr. Crowder was not authorized by law to accept. And instead, what the court did, and what the government argues now on appeal, is that they argue that nobody can be authorized to accept a bribe. Now, that uses the word bribe, which is what we're defining, to explain who is and who is not authorized. The entire statute is trying to tell us, as citizens, and you as the judiciary, what it is that they, what conduct is being prohibited. Based on your reading of the statute, would it prohibit private individuals from being convicted of bribery? It would depend very on the circumstances. Because in this circumstance, Mr. Crowder never actually intended to submit a bribe to anybody. So whether or not, you know, he can accept money and, you know, mislead people, I do not think that that's prohibited by the statute in any way, shape, or form. He did not necessarily act legally, but he did not violate this particular statute. And that's the problem here, is, you know, we can't use the word, we can't just say nobody can commit a bribe. That is completely taking out... Well, that was just shorthand, that wasn't a legal conclusion. I understand that, but actually the government did argue that in their brief. They stated that the reason Mr. Crowder is guilty is because no person can be legally permitted to accept a bribe. That is what the government argued in their brief. And they said it multiple times, and that's the problem, is we have to look at what a bribe is. And a bribe is something that is given with the intention that it is, one, in this case, you know, Mr. Crowder never intended to facilitate or promote bribery. He had his own intentions, and the government's evidence never contradicted his own personal intentions to never give that money to a public official. There's no evidence that the money went to a public official. There's no evidence that he met with a public official immediately after. Well, he certainly talked a lot about giving it to public officials to grease the skids for this strip club. But his explanation for that was that he always intended to keep the money, and that is what the facts showed at trial, is that exactly what he did. And he intended to share it with another person who was also not a public official, Rahmal Helag, who was the brother of the mayor but also was not a public official. If his admission that his plans, as he did on the stand, were to defraud Zutter, would that be unlawful activity that then brings him within the scope of the Travel Act, separate and apart from the issue of Illinois bribery? So, for example, if the court, as the court did here, does not go with you on Illinois bribery as an element of offense that must be included, explained to the jury, et cetera, et cetera, if we've just got garden variety fraud, do we have a Travel Act violation here? I think if it's just garden variety fraud, it's a very close call because of the phone calls. The only way that the Travel Act was involved was through the phone calls to set up the meetings, phone calls or text messages. A majority of those were actually instigated by Mr. de Zutter himself, and he was the one that was using the phone to set up meetings with Mr. Crowder, and it was very incidental to the actual communications that they had. If you look at the content of the communications that the government was concerned about, all of that was happening in person. The actual fraud and all Mr. Crowder's braggadocio about what he was going to do with the money was done in person. The exchange of the money was done in person. So, in other words, you're not contesting that Mr. Crowder admitted to fraud on the stand, and that is unlawful activity. You're saying the problem would then be now the interstate commerce element. There is a problem with the interstate commerce element that was raised in the brief about, you know, that it's not sufficient. I wouldn't necessarily say that he – I mean, I guess he did more or less admit fraud on the stand, but he wasn't charged with committing fraud pursuant to the Travel Act. He was charged with committing bribery pursuant to the Travel Act. So there's a charge. I mean, if the government had also charged him with fraud pursuant to the Travel Act, I think, you know, I might not be standing up here right now arguing this. I agree with that. And I think the problem for the government here is specifically the bribery statute and the fact that Mr. Crowder was charged under the bribery statute. I know. Thank you. Thank you. Mr. Kerwin. Good morning, Your Honors, and may it please the Court. Brian Kerwin on behalf of the United States. I think I'll start, Chief Judge Sykes, with your questions about waiver because it dictates whether the jury was properly instructed and, therefore, whether there was sufficient evidence to prove these violations of the Travel Act as charged in the indictment. Contrary to defendants' claim that there is confusion in the record, the record is crystal clear that the defendant conceded that there was no factual dispute on the question of whether he was authorized by law to accept money that he knew was tendered to influence a public official. That was said, I think, at least four separate times on pages 500, 501, 502, and 508. I think possibly one other time on 646 of the trial transcript. There was no factual dispute on that point, and, in fact, defense counsel specifically asked the district court not to instruct the jury to decide that question. In doing so, the defendant both waived his challenge to the jury instructions, but he also waived his claim that there was insufficient evidence presented by the government on that point. And although counsel claimed this morning that it was an error by the district court not to assess that question as a legal matter post-trial, that argument was never made in defendants' post-trial briefing either. And so that is absolutely waived. But even setting the waiver aside, the district court was right not to task the jury with deciding whether the defendant was authorized by law to engage in this conduct because there is no law that authorizes it, as Judge Sykes alluded to. And the Illinois Pattern Instructions, to Judge Pryor's point, state expressly that district courts or trial courts should not give this instruction unless there is a factual dispute. There was none. It takes us then to whether there was sufficient evidence for the jury to conclude that the defendant committed these charge violations of the Travel Act, and the jury was properly instructed that to convict the defendant, they needed to find that he used a facility of interstate commerce with the intent to promote or facilitate Illinois bribery, and thereafter took an act in which he performed or attempted to perform that facilitation or that promotion. How do we, I guess, deal with what we've heard this morning in the contention that there might have been a variance? If I understand your question, Judge Pryor. I mean, fraud, bribery. So I actually don't think that an act of fraud can support a violation of the Travel Act because under Section B-2, if you look at the statute of 18 U.S.C. 1952, there's specific racketeering activities that fall under the unlawful activity category, arson, prostitution, bribery among them. But the defendant here unquestionably promoted or facilitated an act of Illinois bribery as charged in the indictment because under Subsection D of that statute, all he needs to do is accept money tendered by a person that he knows was intended to influence a public official. And the jury heard at least nine separate recordings of their meetings and their phone calls in which they discussed specific cash payments that would be made and then tendered to the second ward alderman in the city of Harvey, members of the Economic Development Committee. There were discussions of ensuring that police didn't give this hypothetical strip club trouble. All of that is squarely prohibited by Subsection D of the statute. And he's progressively upping the ante as I read the transcripts of the conversations, saying I need more for this public official, I need more for that public official, et cetera. Correct, correct, Judge, and that's why this is such a clear case because he's not just facilitating or promoting an act of Illinois bribery. He's engaging it by taking the cash from the payor, knowing what the intention is because they're speaking it aloud. And asking for more. And asking for more. So it's not like this wasn't an entrapment defense because it was a government cooperator who was on the other side of the transaction, but it's not like the cooperator was upping the ante. The defendant was. I agree, and the defendant hasn't made that claim either. On this question, I believe Judge Pryor raised it as to whether private citizens can violate the Illinois bribery statute. Of course they can. The plain text does not differentiate. The Illinois appellate court in both Friedman and Doherty decided that question, explicitly rejecting the argument that the defendant has raised this morning. It's the whole idea of a bagman. That's right, Judge. The subsection D is criminalizing being the intermediary between someone who wishes for a public official to be influenced, and the crime is committed by taking the money. And so I think that leads me to conclude with the fact that this goes to the core of what these statutes prohibit. There is no vagueness problem here, and the jury heard ample evidence for it to conclude that the defendant committed all the charged elements of the Travel Act and the elements of the Illinois bribery statute. What about the facility of the telephone? There was some discussion in the briefs as to whether or not the telephone qualified. Would you address that? Yes, sure, Judge. The jury received an instruction that to convict the defendant of the Travel Act violations, it needed to find beyond a reasonable doubt that it used a facility of interstate commerce, not in an incidental or minimal way, but in a way that's significantly related to the underlying activity. And there was ample evidence for the jury to conclude that here, where the defendant used the phone for the sole purpose of setting up these meetings, where he then either solicited or agreed to accept or accepted these bribes. And so it's not a case where the use of a phone is somehow fortuitous or unforeseeable. This was his use of a phone for this very purpose. It related, as the district court said, in an integral way, and that's absolutely right. So unless the court has any additional questions for the government, I'll ask that the court affirm the conviction and sentence of the district court. Thank you. Thank you. Ms. Sostok, you were almost out of time, but I'll give you some extra time in rebuttal. Just very briefly, I wanted to address the government's argument that the reasonable doubt argument was not made in the Rule 29 motion, and it was made in almost an identical fashion as it was made to this court, and reasonable doubt arguments can be made at any time. It did not need to be preserved at the trial court. It could have been raised right now, and it still would be preserved. I'm unclear why the government thinks a reasonable doubt argument is waived now at this point. That seems contrary to most case law that I'm familiar with and the case law that was stated in the briefs. And again, the government has said again here that all Mr. Crowder needed to do was actually accept money, and then he had committed bribery. That's not the case. The statute requires more than that. The case law in Illinois has required that. There are conflicting cases to what the government has cited, and those explicitly say that both elements need to be satisfied. It's not just the receipt of the money. There is more to it. It has to be an unauthorized receipt. And I know Judge Sykes mentioned that the bag man situation is a very common fact pattern. However, I don't think that that is directly imposed in this pattern. This is a sting, yes. Well, not just a sting. So we have a masked intention on behalf of Mr. DeZutter. He never intended to open up a strip club, right? His intention was not to have charges against him. Yeah, if that were a fatal flaw to this prosecution, then a sting in this context is impermissible. As a constitutional matter, that can't be the case. I think the problem is on both sides, though, right? We have Mr. DeZutter's intentions are flawed, right? He doesn't actually intend to bribe an official. That's not what his intention was. But also Mr. Crowder's never intended to promote or facilitate bribery of a public official. That was his defense. The jury rejected it. The facts support that he never actually, and I don't think the government disputes, that no government official was actually bribed by Mr. Crowder. So his intent is backed up by those facts that he never intended. His testimony that he never intended to bribe anybody. He just intended to defraud someone out of their money. That is supported by the facts, and I do believe that that makes it a problem on both sides as far as the intention. And with that, I'll just ask for this court to reverse Mr. Crowder's convictions or alternatively remand it for a new trial. Thank you. Thank you very much. Our thanks to all counsel. We'll take the case under advisement.